# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CORTEZ MOOR-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-380-TLS |
| ) | |
| JESSE M. VILLALPANDO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On October 1, 2015, the Plaintiff, Cortez Moor-El, filed a pro se Complaint [ECF No. 1] against the following defendants: Judge Jesse M. Villalpando (Lake County Superior Court), Judge Anne P. Likens (Whiting City Court), Michael Brown (Clerk of the Lake County Circuit/Superior Court), and Mike Buehrle (Lake County Police Officer). The Plaintiff alleges violations of his federal constitutional rights under 42 U.S.C. § 1983. This matter is now before the Court on a Motion to Dismiss [ECF No. 18], filed by Brown on November 23, 2015; and a Motion to Dismiss [ECF No. 21], filed by Judge Villalpando and Judge Likens on November 25, 2015. For the reasons set forth below, the Motions to Dismiss [ECF Nos. 18, 21] are granted.[1]

## FACTUAL BACKGROUND

This lawsuit stems from a criminal case (cause number 45D12-1503-CM-00242) in Lake County in which the Plaintiff was charged with possession of marijuana, a misdemeanor,

---

[1]Additionally, on November 20, 2015, the Plaintiff filed a Motion [ECF No. 15] seeking a default judgment against Defendant Mike Buehrle because, at that time, Buehrle had not filed a responsive pleading. Buehrle has since filed an Answer [ECF No. 17, filed on Nov. 23, 2016], although he did not file a separate motion seeking dismissal of the Plaintiff's claims. *See* N.D. L.R. 7–1(a) (indicating that motions must be filed separately). Given Buehrle's filing of a responsive pleading, coupled with the Seventh Circuit's stated policy that default judgment "should be used only in extreme situations, or when other less drastic sanctions have proved unavailing," *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted), the Plaintiff's Motion [ECF No. 15] for default judgment is denied.

on March 25, 2015.[2] A review of the Plaintiff's Complaint and the relevant state court documents show that, following his arrest and release on bond, the Plaintiff appeared before Judge Villalpando in Lake County Superior Court on April 27, 2015. According to the Plaintiff, Judge Villalpando entered a plea of not guilty "on [the Plaintiff's] behalf" after he denied the Plaintiff's request to "dismiss the case for improper service/lack of jurisdiction." (Compl. 4.) An omnibus hearing was scheduled for May 27, 2015, but the Plaintiff "was unable to attend," and therefore, "sent a friend" in his place. (*Id.*) Following the hearing, the Plaintiff received a letter, signed by Judge Likens (acting as a Referee in the Lake County Superior Court) and Brown, notifying the Plaintiff of his failure to appear on May 27, 2015, and warning that a failure to appear at an omnibus hearing rescheduled for July 1, 2015, would result in the issuance of a bench warrant. The Plaintiff appeared at the hearing before Judge Likens on July 1, 2015, and entered a plea of not guilty. The Plaintiff claims he made "open jurisdictional challenges" at the hearing, and as a result, Judge Likens "threat[ened]" to hold him in contempt. (*Id.*) The Plaintiff then appeared for another hearing on August 3, 2015, before Judge Villalpando, at which time a bench trial was scheduled for October 1, 2015. The State then moved to dismiss the Plaintiff's criminal case on October 1, 2015, because "an indispensable State's witness . . . failed to maintain contact with the State of Indiana." (State Court Record, ECF No. 21-1, at 6.)

The Plaintiff seeks damages from the Defendants and has sued them in their official and

---

[2]Attached to the Motion to Dismiss [ECF No. 21], filed by Judge Villalpando and Judge Likens, is an exhibit [ECF No. 21-1] consisting of the public records of the Lake County Superior Court as to the Plaintiff's criminal case (cause number 45D12-1503-CM-00242). Because the Court is permitted to take judicial notice of "matters of public record"—such as state court documents—without converting a 12(b)(6) motion into a motion for summary judgment, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (internal quotation marks and citation omitted), the Court will consider the Defendants' exhibit in conjunction with the pleadings.

individual capacities. He alleges that the Defendants, through their actions in relation to his criminal proceeding, "violated [his] constitutional protections" and caused him "undue hardship[,] including emotional, physical, and sociological stress." (Compl. 5–6.) The Plaintiff also seeks "Injunctive Relief in the matter involving [his criminal case]." (*Id.* at 7.)

## STANDARD OF REVIEW

When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court must accept all of the factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). At the same time, the Court must construe the Plaintiff's pro se submissions in a liberal manner. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that a plaintiff's pro se status means that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).

## ANALYSIS

To prevail on a § 1983 claim, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Although the Plaintiff's Complaint is somewhat difficult to comprehend, he appears to be

claiming, primarily, that the Defendants abused their power as public officials, and thereby violated substantive due process. *Geinosky v. City of Chi.*, 675 F.3d 743, 750 (7th Cir. 2012) (finding that substantive due process claims, while limited in scope, may address certain "harmful, arbitrary acts by public officials").

A.   **Claims Against Judge Villalpando and Judge Likens**

At the outset, the Plaintiff's damages claims against Judge Villalpando and Judge Likens—who have been sued in their official and individual capacities—are not cognizable under federal law.

An official capacity suit is essentially one against the government entity itself. *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). However, the Eleventh Amendment precludes a citizen from suing a state, including state officials in their official capacities, for money damages in federal court without the state's consent. *Woods v. City of Mich. City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) (finding that judges of Indiana's circuit, superior, and county courts in their official capacities are immune from a § 1983 suit for damages because such judges are deemed judicial officers of the State judicial system). Although there are exceptions to the Eleventh Amendment bar against suits for money damages—waiver and Congressional abrogation, *see Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletic Dep't*, 510 F.3d 681, 695 (7th Cir. 2007) (describing the exceptions)—neither is present here. Indiana has not waived its Eleventh Amendment immunity, *Meadows v. State of Ind.*, 854 F.2d 1068, 1069 (7th Cir. 1988); Ind. Code § 34-13-4-3, and the United States Supreme Court has held that Congress did not intend for § 1983 to disturb states' Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (holding that states are not "persons" liable for damages under § 1983). Thus, given that Judge Villalpando and Judge Likens are deemed to be state officials for § 1983 purposes, *Woods*, 940 F.2d at 279, the Plaintiff's official capacity claims for damages are

precluded by the Eleventh Amendment.

Moreover, because a § 1983 suit against a government official in his or her personal or individual capacity seeks to impose personal liability, such an official may raise any applicable personal immunity defenses. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237–38 (7th Cir. 1986). Of relevance here, state judges and courts are entitled to absolute immunity from damages claims for judicial acts regarding matters within the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *see also McCrum v. Elkhart Cnty. Dep't of Pub.Welfare*, 806 F. Supp. 203, 208 (N.D. Ind. 1992) (finding that a court-appointed referee was entitled to judicial immunity). The Seventh Circuit explained judicial immunity in *Brokaw v. Mercer County*:

> The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco,* 502 U.S. 9, 10 (1991). Thus, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, *id.,* and even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359.

235 F.3d 1000, 1015 (7th Cir. 2000) (citations omitted).

Here, the Plaintiff claims that Judge Villalpando and Judge Likens "violated [his] constitutional protections" through actions taken in relation to his state criminal case. (*See* Compl. 4–5 (alleging that Judge Villalpando "failed to dismiss the case for improper service/lack of jurisdiction," "asserted jurisdiction [over his criminal case] but never showed proof of it," and "ordered his case to [a bench] trial" despite the Plaintiff's objections); *id.* at 4 (alleging that Judge Likens sent him a letter notifying him of his failure to appear at the hearing on May 27,

5

2015, and "threat[ened]" him that a failure to appear at a hearing on July 1, 2015, may result in the issuance of an arrest warrant); *id.* at 4–5 (alleging that Judge Likens threatened to hold him in contempt due to his "open jurisdictional challenges" and "overstepped her jurisdictional limitations" by ordering him to appear at a hearing scheduled for August 3, 2015).) Accepting the Plaintiff's factual allegations as true, the Plaintiff has not plausibly alleged that Judge Villalpando and Judge Likens were acting outside their judicial capacities or in "clear absence of [their] jurisdiction." *Brokaw*, 235 F.3d at 1015; *see also Woods*, 940 F.2d at 279 (noting that Indiana state courts have jurisdiction over state law violations). As a result, Judge Villipando and Judge Likens are immune from personal liability, and the Plaintiff's individual capacity claims for damages are also dismissed.

**B.     Claims Against Michael Brown**

The Plaintiff next asserts that Brown, the Clerk of the Lake County Circuit/Superior Court, violated the Plaintiff's federal constitutional rights by (1) mailing him a "postcard," postmarked April 3, 2015, notifying him of his criminal case and "threat[ening]" him that a failure to appear at a scheduled hearing may result in the issuance of an arrest warrant (Compl. 3); and (2) mailing him a "letter" notifying him of his failure to appear at the hearing on May 27, 2015, and "threat[ening]" him that a failure to appear at a hearing on July 1, 2015, may result in the issuance of an arrest warrant (*id.* at 4).[3]

Even assuming that Brown is deemed a county official—and not a state official—for

---

[3] In his Complaint, the Plaintiff also references 18 U.S.C. § 876, a criminal statute that has no bearing on this civil case.

Eleventh Amendment purposes,[4] the Plaintiff has failed to state a plausible municipal liability claim under § 1983.

As the Court previously stated, an official capacity suit is essentially one against the government entity itself. *Hadi*, 830 F.2d at 782. "To establish a claim in an official capacity suit, a plaintiff must show that the actions on which liability is predicated took place pursuant to a government policy or custom." *Id.*; *see also Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir. 1992) ("Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

Aside from the Plaintiff's failure to plead the existence of a government policy or custom on which liability may be predicated, the Plaintiff's alleged constitutional injury appears to stem from Brown's issuance of summonses—actions that are expressly permitted under Indiana law:

> [T]he court may, in lieu of issuing an arrest warrant . . . issue a summons. The summons must set forth substantially the nature of the offense, and command the accused person to appear before the court at a stated time and place. . . If the person summoned fails, without good cause, to appear as commanded by the summons and the court has determined that there is probable cause to believe that a crime (other than failure to appear) has been committed, the court shall issue a warrant of arrest.

Ind. Code § 35-33-4. As pled, the Court cannot perceive any constitutional deprivation suffered by the Plaintiff through his receipt of the summonses/notices described in his

---

[4]*Compare State ex rel. McClure v. Marion Sup. Ct.*, 158 N.E.2d 264, 268–69 (1959) (finding that the clerk of the circuit court is an office of the judicial circuit, not the county), *and Parsons v. Bourff*, 739 F. Supp. 1266, 1267 (S.D. Ind. 1989) (finding that a clerk is a state official and is not subject to a § 1983 suit in his official capacity), *with Winters v. Mowery*, 884 F. Supp. 321, 323 (S.D. Ind. 1995) (holding that, in light of *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30 (1994), the clerk of the judicial circuit in Marion County is not a state official where county would pay any judgment against the clerk).

Complaint. As such, there is no basis for liability as to the municipality or Brown, and the Plaintiff's official and individual capacity claims are dismissed.

C.     **Injunctive Relief Claim**

Lastly, without explanation, the Plaintiff seeks "injunctive relief in the matter involving [his criminal case]" (Compl. 7)—a case that was dismissed by the State on October 1, 2015. (*See* ECF No. 21-1 at 1, 6.)

Jurisdiction of federal courts is limited to actual "cases" and "controversies." U.S. Const. art. III. In other words, the Plaintiff must demonstrate a personal stake in the outcome of the case by alleging direct injury that is real and immediate, not conjectural or hypothetical. *City of L.A. v. Lyons*, 461 U.S. 95, 101–02 (1983). Therefore, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–496 (1974). Given that the Plaintiff's criminal case was dismissed—and he has not alleged any threat of future prosecution or arrest—the Plaintiff lacks standing to pursue his claim for injunctive relief. *See Srivastava v. Newman*, 12 Fed. App'x. 369, 372 (7th Cir. 2001) (finding that a plaintiff lacks standing to seek injunctive relief because the plaintiff "alleged no threatened or pending criminal prosecution and therefore lacks standing to seek injunctive relief" (citing, in part, *Garcia v. City of Chi., Ill.*, 24 F.3d 966 (7th Cir. 1994), which found that a plaintiff had no standing to seek injunctive relief absent allegations showing danger of future arrest)).[5] Accordingly, the

---

[5]The Court notes that even if the Plaintiff's criminal case was still pending, the Plaintiff has pled no facts that would permit the Court to intervene. *See Younger v. Harris*, 401 U.S. 37, 53 (1971)

Plaintiff's claim for injunctive relief under § 1983 is dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [ECF No. 18], filed by Michael Brown, and the Motion to Dismiss [ECF No. 21], filed by Judge Jesse M. Villalpando and Judge Ann Likens, are GRANTED. Additionally, the Plaintiff's Motion [ECF No. 15] requesting a default judgment against Defendant Mike Buehrle is DENIED. The only remaining claim in this matter is the Plaintiff's claim for damages under 42 U.S.C. § 1983 against Mike Buehrle.

SO ORDERED on April 14, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

(requiring a federal district court to refrain from interfering with pending state criminal proceedings in deference to principles of equity, comity, and federalism); *State of Indiana v. Haws*, 131 F.3d 1205, 1210 (7th Cir. 1997).